hBYRNES, Judge.
On November 26, 1996 judgment was rendered against the plaintiff, Cheryl Defillo, *1089 dismissing her worker’s compensation claim against the defendant, World Bazaar. On the same date notice of judgment was mailed returned receipt requested to the plaintiff. LSA-R.S. 23:1310.5 allows 60 days from the date of judgment or the day on which notice of judgment was mailed in which to file a devolutive appeal. Pursuant to LSA-R.S. 23:1310.5 the last day on which to appeal was Monday, January 27,1997. (The sixtieth day fell on Saturday, January 25, 1997, so the time is extended until the end of the next day which is not a legal holiday. LSA-C.C.P. art. 5054).
Plaintiff did not file her notice of appeal until Friday, January 31, 1997, four days after the last day permitted by LSA-R.S. 23.1310.5 if applied literally, and 67 days after the notice was mailed and judgment rendered.
The defendant moved this Court to dismiss plaintiffs motion as untimely. Plaintiff opposed this motion contending that the appeal period set forth in the Notice of Judgment sent to her by the court conflicts with that set forth in LSA-R.S. 23:13Í0.5. The notice from the court said that the 60 day devolu-tive appeal period would run from the date of receipt of the notice, while LSA-R.S. 23:1310.5 requires that the time runs from the day after the date of mailing without reference to the date received. Under the language of the notice, every day the deliveiy of the notice is delayed the appeal period is likewise extended without reference to the date of mailing. Plaintiff contends that the date of delivery of the notice cannot be established from the record. Therefore, it should be presumed to have been delivered late or not at all. If this Court presumes that the notice was delivered late, then plaintiff argues that her notice of appeal was timely filed because she should not be penalized for relying on the language of the notice from the court in computing the appeal period from the date of delivery of the notice of judgment.
The return receipt for the notice of judgment sent to the defendant was returned showing delivery to the defendant’s attorney on November 27,1996, the day after mailing. The return receipt sent to the plaintiff was never returned. There is no evidence that the notice of judgment was ever delivered to the plaintiff.
However, we note that plaintiffs opposition does not deny receipt of the notice of judgment, nor does plaintiff state that it was delivered in an untimely manner. Plaintiff merely argues that delivery cannot be established from the face of the record which entitles her to a presumption of late delivery.
We note that if the notice was not delivered, plaintiff could not have relied on the conflicting language of a notice she never received. However, plaintiff never denies receipt of the notice.
^Moreover, LSA-R.S. 23:1310.5(B) does not require proof of delivery, only proof of mailing. There is no requirement that the defendant prove delivery or the date of delivery. Plaintiff does not contest the fact that the notice was mailed on November 26,1996. Nor has plaintiff suggested that any proof of late delivery exists which could arguably justify plaintiffs reliance on the poorly worded notice from the court. As a presumption of timely delivery is implicit in LSA23:1310.5(B), the burden is on the plaintiff to first establish untimely delivery before we can permit her to rely on the language of the notice. At best, the only inference to be drawn from the missing return receipt might be non-delivery, not late deliveiy. And as we have already stated, if the plaintiff did not receive the notice of judgment, she could not have been misled by the language. However, all reasonable inferences point to delivery of the notice in a timely manner.
For the foregoing reasons, the defendant’s motion to dismiss plaintiffs appeal is hereby granted.
MOTION TO DISMISS GRANTED.